IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE<br><br>Defendants | Case No. 1:13-cv-1200-JES-JAG<br><br>Hon. John A. Gorman<br><br>**ORAL ARGUMENT REQUESTED** |
| **MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSIBLE PARTIES, MOTION TO QUASH SUBPEONA FOR SEEKING IRRELLEVANT INFORMATION, MOTION FOR LEAVE TO PROCEED ANONYMOUSLY, MOTION TO STRIKE EXHIBIT C AS IMMATERIAL & SCANDALOUS** | |

Now Comes Doe, by and through counsel, who moves this Court to dismiss the suit for failure to join indispensible parties, to quash the subpoena for seeking irrelevant information, for leave to proceed anonymously, and to strike Exhibit C as immaterial and scandalous. In support of his[1] Motion Doe states to the Court as follows:

I.  **Introduction**

Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

*Ingenuity 13, LLC v. John Doe,* No. 2:12-cv-8333-ODW(JCx) (ECF No. 130, p. 1) (C.D. Cal. May 6, 2013) (Wright, J.) (discussing a similar case that had a mass-Doe strategy).

    *Malibu Past*

---

[1] John Doe will be referred to as a male throughout this document.

The Plaintiff, Malibu Media, LLC ("Malibu") is a pornographer and serial litigator, bringing its business-litigation model to courts across the country. Malibu came into existence on February 8, 2011. Since that time, it has been pushing forth a tsumani of suits[2] in federal courts, including at least 39 in the Central District of Illinois. Malibu previously engaged in its business model by filing what were more-or-less reverse class action lawsuits. In those cases, Malibu alleged that by use of the BitTorrent protocol, Does, such as the current one, act as part of a swarm. This swarm, allegedly, results in dozens or hundreds of people acting interpedently to infringe Malibu's alleged rights. Malibu would sue dozens, or hundreds of Does, harvest their contact information, collect settlements without serving Does, and move on to the next case. This profitable venture had costs of only a $350.00 filing fee and the drafting of a cookie-cutter Complaint & Motion for Expedited Discovery.

Despite the nationwide campaign, Malibu has never taken a case to trial, nor have its members or officers been subject to a Rule 30(b)(6) deposition. In fact, a review of the cases it brings forth makes it apparent that upon such an event becoming imminent, Malibu has cut and run.[3] Presumably, Malibu does so because the business model has been judicially recognized to extract quick-settlements, rather than actually litigate any case on its merits. *See, e.g., Third Degree Films, Inc.*, 2012 U.S. Dist. LEXIS 59233, *11-12, *see also*, *Malibu Media LLC v. John Does 1-10*, No. 12-03623 (ECF Doc. 7 at 6), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to a trial.").

---

[2] According to PACER, Malibu appears to be involved in well over eight-hundred suits, despite existing for only a little over two years, according to public records from the California Secretary of State.
[3] It should be noted that a Court in the Eastern District of Pennsylvania has ordered a "bellwether trial." *Malibu Media, LLC v. Does 1-22*, Case No. 5:12-cv-02088-MBB (E.D. Penn).

*Malibu Present*

It appears that now, after a nationwide rejection of the swarm-theory for purposes of joining hundreds of Does, Malibu's pendulum has swung inappropriately far to the other direction. Malibu is now cherry picking defendants and leveling dozens of alleged infringements against them, along with accusing them of downloading other films that have nothing to do with the case at hand. Why? The only reason would be to create the impression of a case so massive that the settlement percentages increase – now that Malibu must pay a filing fee for every Doe.

In doing so, however, Malibu has left out all-important initial seeders and at least one third-party Doe. This new business model is in contravention of nearly every case Malibu has previously filed across this country. As explained below, this new business-litigation strategy is as fatally flawed as the last.

*Procedural History*

This particular iteration of the business-litigation strategy of Malibu commenced when Malibu filed its cookie-cutter Complaint against an unknown person, based solely upon an Internet protocol ("IP") address that <u>does not identify an infringer</u>. (ECF Doc. 1). Despite having no knowledge of whether or not Doe is the actual-infringer in this case, Malibu has sought relief and was granted, *ex parte*, relief that would allow it to discover the identity of the person paying the bill for the IP address 98.214.67.145. (ECF Docs. 2, 6).

II. **Legal Argument**

1. <u>When Malibu has failed to join the initial seeder, an indispensable party, the complaint should be dismissed (Fed. R. Civ. P. 19)</u>

A case may be dismissed for failure to join appropriate parties. Fed. R. Civ. P. 19. The Court should undertake a two-step analysis and determine (i) whether an absent party is necessary to the suit, and, (ii) if so, and if that party cannot be joined, whether the party is indispensable so

that in good conscience and equity, the suit should be dismissed. *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999). Here, indispensable parties are absent, and this Court cannot find in good conscience and equity that they should remain un-joined. Accordingly the suit should be dismissed.

In the past, Malibu Media has relied on a swarm-joinder theory – going to great lengths to assert that all members of a so-called swarm[4] act interdependently and in concert to distribute a work and infringe on its rights. In fact, all cases Malibu filed in the Central District of Illinois, until April of this year, asserted such a theory, over and over again. In those cases, Malibu explained why an initial seeder and other Does were important in such an action, indicating: the Does are jointly and severally liable, the Does act in concert, that BitTorrent requires a swarm, that there must be an initial seeder who starts the process, that all Does work together. *See, e.g., Malibu Media v. Does 1-14*, Case No. 2:2012-cv-02159-HAB-DGB (ECF Doc. 1,¶ ¶ 10, 15, 19, 29, 30, 31) (C.D. Ill. June 14, 2012). Malibu in other Courts has fought to keep all the Does and seeders together when faced with motions to sever, based upon misjoinder. Changing gears, after rejection of swarm joinder in this court and many other courts, Malibu now attempts to sue a single Doe while leaving out indispensable parties – the initial seeder and at least one additional participant in the swarm. Malibu's new tactic amounts to alleging an impossibility – a one-man swarm. Whether or not a mass-joinder of individuals over months is appropriate is not an issue today. What is at issue is whether an initial seeder and at least one-third party must be joined.

*Initial Seeder*

The alleged infringement simply cannot occur without an initial seeder. There must be a person that originally uploads the work, and already having the full file, will not be downloading from any subsequent swarm member. That initial seeder may, in fact, have a legal privilege or right to

---

[4] A term that does not appear in this particular Complaint.

publish or distribute the works for free.[5] If this is the case, then Doe could not have infringed by downloading the Work.

One court, dealing with an intellectual property matter put forth that an unjoined party's rights and actions may affect the outcome of litigation, an absent party must be joined to the action. *Musumeci v. Reborn Products Co., Inc.* 184 U.S.P.Q. 736 (E.D. Pa. 1974) (requiring joinder of the intellectual property rights owner in a breach of contract claim when the patent's validity and underlying rights would have affected the litigation). *Musumeci* is on all fours with the case before the Court today. The validity of the rights asserted by Malibu hinges on a non-party, the initial seeder. This concern over validity is a real concern, considering Malibu's investigator's past.

The investigator retained by Malibu – IPP Ltd. ("IPP") – in this matter was formed under the laws of Germany and is a successor to a German company formerly known as Guardaley. Previously, a German law firm retained Guardaley for the similar purposes to Malibu's. That firm later sued Guardaley for being aware of serious flaws in its collections systems, and not disclosing them. Upon Guardaley's appeal to an injunction, the law firm was able to successfully assert that Guardaley operated a "honeypot" scheme. That is, <u>IPP's predecessor was the initial seeder in actions such as this, baiting the Does</u>. See Exhibit A.

It appears though, that such behavior happens in the United States as well. For one, investigations performed by Defendants in Florida have yielded startling results, showing that the attorneys, the investigators, and the companies involved were actually the seeders of films. See, *First Time Videos, LLC v. Paul Oppold,* Case no. 6:12-cv-01493-CEH-KRS (ECF Doc. 37-11) (M.D. Fla. June 3, 2013) (Declaration of Delvan Neville who conducted a forensic analysis of seeders for several other porn-troll Plaintiffs). Attached as Exhibit B. While Doe is not accusing current counsel

---

[5] While at first glance, this may seem like a dubious proposition, it is a real possibility. For example, as to the Work "I Love X Art," one can easily find and view that film, among others at http://www.pornhub.com/users/x-art. Many, if not most of the Works can be found this way.

of doing the same, it is certainly a possibility, providing more reason to require joinder of the initial seeder.

In this case, where Malibu has not named or sued an initial seeder is combined with the judicially recognized problematic tactics utilized by plaintiffs such as Malibu in the past, there is reason to entertain the possibility that IPP, or one of its affiliates, may be the initial seeders for the Works. If this is the case, not only should a dismissal be had, but also further investigation into the matter should be conducted. If it was IPP, or an affiliate, that was the initial seeder, there can be no infringement.

Overall, in Malibu's new one-man-swarm theory, an impossibility, Does cannot defend themselves. The initial seeder, possibly having rights to distribute the Work, would provide a defense to Doe and is an integral part of the action. If the initial seeder committed no infringement, Doe could not have either. Accordingly, without this indispensable party joined, the suit should be dismissed.

*Additional Doe*

Additionally, in order to "copy" or "distribute" the work, as alleged in the Complaint, there necessarily must have been some transmission by Movant Doe to a third-party.[6] The third-party could not possibly be the seeder, because the seeder already has has the full file and would not download something it already possessed. Accordingly, there must be at least one other Doe alleged to have infringed as well, and joined as a party. This Doe is suggested to exist as Movant Doe did not provide the entire file to IPP. Complaint, ¶18. This makes third-party Doe an indispensible party to the action.[7] At least one transaction between Movant Doe and third-party Doe

---

[6] Such a transaction would not give rise to a slippery slope of mass-joinder issues this Court has faced before.
[7] A second Doe that participated in the same transaction or occurrence would possibly cut down on Movant Doe's liability, as Malibu can only seek damages per work infringed, not per Defendant infringed. 17 U.S.C. § 504(c)(1). Accordingly, if the second Doe settled, the amount sought by Malibu against Movant Doe would decrease.

has to have occurred. If not, there is no distribution-infringement occurring, or, the there is simply no mandated joinder. Either way, the Complaint is fatally deficient.

Here, it is evident that there are indispensable parties absent from this action. This Court cannot find in good conscience and equity that they should remain un-joined. To do so would fatally handicap the ability of Doe to defend himself and be a waste of judicial resources. Accordingly the suit should be dismissed pursuant to Federal Rule of Civil Procedure 19.

2. <u>Malibu is seeking irrelevant information with its subpoena, and accordingly, it should be quashed</u>

Discovery is only appropriate when the information sought is relevant. Fed. R. Civ. P. 26(b)(1). Information sought must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1), *see also, Williams v. Blagojevich*, No. 05-cv-4673, 2008 WL 68680, at *3 (N.D. Ill. Jan 2, 2008). Courts have already concluded that the person paying an Internet bill – the information sought by the subpoena – may not be the purported infringer. This Court has acknowledged this self-evident fact. *See, e.g., VPR Internationale v. Does 1-1,017*, No. 11-02068 (ECF Doc. 15 at 2), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . [t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."). Other Seventh Circuit District Courts have also discussed this issue and reached the same conclusion. *See, e.g., Malibu Media, LLC v. Reynolds,* Case No. 12-cv-6672 (ECF Doc. 51 at 13) (N.D. Ill Mar. 7, 2013).

Additionally, in order to be relevant to this proceeding, the information would have to at least lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). By speaking to "admissible evidence," the Rule clearly implicates putting forth evidence – part of pursuing a claim on its merits, something Malibu, with over 800 actions filed, has never done. There is no reason to believe they it is going to

start now.[8]  Courts have recognized with cases like this one, "almost all end in settlement and few, if any, are resolved on their merits."  *Third Degree Films, Inc.*, 2012 U.S. Dist. LEXIS 59233, *11-12, *see also*, *Malibu Media LLC v. John Does 1-10*, No. 12-03623 (ECF Doc. 7 at 6), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model.  The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to a trial.").  It is judicially recognized that the information sought is not for the purpose of gathering admissible evidence.  Accordingly, the information is irrelevant.

Applying these principles, the only discoverable information must relate to bringing the copyright claim.  The only information that Malibu wishes to harvest from the ISP is the bill-payer's identity.  As acknowledged by this Court, the bill-payer may not be the infringer in these cases, and in fact, the actual infringer may be a total stranger. It would not be a "reasonable calculation that the individuals connected to the subpoenaed IP addresses will have any discoverable information related to the current defendants." *Pacific Century Int'l, v. Does 1-37*, 282 F.R.D. 189, 195 (N.D. Ill. Mar. 30, 2012).  For this reason, the subpoena, as issued, should be quashed.

    3.    <u>Due to the highly personal nature of the allegations leveled by Malibu, Doe should be granted leave to proceed anonymously</u>

Many courts, including one colleague court, have recognized the right of some parties to proceed anonymously in "matters of a sensitive and highly personal nature." *Malibu Media, LLC v. Reynolds,* No. 12 C 6672, (ECF Doc. 51, at 11) (N.D. Ill Mar. 7, 2013).  That court has also specifically recognized the possibility of plaintiffs such as Malibu using shame and embarrassment as tools to extract settlements.  Recognizing this possibility, the court analyzed the harm to the

---

[8] In fact, a review of the docket in a Eastern District of Pennsylvania case, where the judge set a bellwether trial indicates that Malibu is attempting to delay such a trial as long as possible.  *Malibu Media, LLC v. Does 1-22*, Case No. 12-cv-02088-MBB (E.D. Penn.).

8

public and found than any harm was minimal.  *Id.* at 13 – 14.  Accordingly, that Court found that the public's interest does not override the privacy interest of Does in this sort of litigation.  *Id.*

Concerns before this Court include a likelihood of coercion into unjustified settlements, a matter of a highly personal nature – the allegation of downloading pornography, and the fact that Doe has not availed himself of this Court.  For these reasons, it is respectfully requested that this Court allow Doe to proceed anonymously in this case.

4. <u>Exhibit C serves no purpose in this litigation, and should be stricken</u>

This Court can strike any immaterial or impertinent materials.  Fed. R. Civ. P. 12(f).  Malibu admits that Exhibit C is immaterial, as the "copyrights-in-suit are solely limited to content owned by Plaintiff as outlined in Exhibit B."  There is no purpose for this additional Exhibit, C, other than to possibly increase settlement success ratios through fear, a possibility due to Malibu's mass-Doe to single-Doe switch.  For this reason, it should be stricken.

### III. Conclusion

For the foregoing reasons, Defendant Doe respectfully requests that this Honorable Court:

A. Dismiss the suit for failure to join indispensable parties; and if not,

B. Quash the subpoena; and if not,

C. Grant leave for Doe to proceed anonymously; and

D. To Strike Exhibit C as immaterial.

**ORAL ARGUMENT IS REQUESTED**

    Respectfully submitted,

    /s/Jonathan LA Philips
    Jonathan LA Phillips
    One of Doe's Attorneys
    456 Fulton St.
    Ste. 255
    Peoria, IL 61602

        309.494.6155
        jphillips@skplawyers.com
        ARDC No. 6302752

**Certificate of Service**

I certify that on June 5, 2013 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record. I have also served the same upon Comcast's Legal Response Center via fax.

        /s/ Jonathan LA Phillips